# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2021

Lyle W. Cayce
Clerk

No. 20-60401
Summary Calendar

Oscar Alexis Espinales-Soto,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 590 184

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Oscar Alexis Espinales-Soto, a native and citizen of Honduras, petitions for review of the dismissal by the Board of Immigration Appeals ("BIA") of his appeal from an order by an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60401

Convention Against Torture ("CAT").  However, Espinales-Soto, who is represented by counsel, challenges only the determination that he was not eligible for asylum based on past persecution or a well-founded fear of future persecution on account of membership in a particular social group, which he identified as "Hondurans who refused to work for organized crime."  All other challenges he could have raised in this petition are therefore forfeited. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Because the BIA adopted and affirmed the IJ's decision, we review both the BIA's decision and that of the IJ. *See Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).  Legal conclusions are reviewed de novo and factual findings, such as eligibility for asylum, are reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Under the substantial evidence standard, Espinales-Soto "must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

To demonstrate his eligibility for asylum, Espinales-Soto was required to show that "he was previously persecuted, or has a well-founded fear of future persecution, on account of . . . membership in a particular social group." *Qorane v. Barr*, 919 F.3d 904, 909 (5th Cir. 2019) (internal quotation marks and citation omitted).  The IJ determined as an initial matter that Espinales-Soto failed to establish that the harm he suffered, which was limited to two occasions when he was verbally threatened but physically uninjured, rose to the level of persecution as that term is understood in the asylum context.  Espinales-Soto has not satisfied his burden of showing that record evidence compels a contrary conclusion. *See id.*; *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

Further, in addressing whether Espinales-Soto established a nexus between the harm suffered and his membership in a particular social group,

No. 20-60401

the IJ determined (and the BIA agreed) that Espinales-Soto's proposed social group was not cognizable as it was overbroad and lacked the requisite social distinction. Both substantial evidence and this court's precedent support that determination. *See Orellana-Monson*, 685 F.3d at 521–22 (rejecting petitioner's claim, as well as those of family members, that he belonged to the particular social group of "men who were recruited but refused to join" a gang).

Finally, Espinales-Soto does not address the BIA's determination regarding his eligibility for asylum based on a well-founded fear of future persecution. Thus, on this point as well, he has failed to satisfy his burden of showing that the record compels a contrary conclusion. *See Wang*, 569 F.3d at 537.

The petition for review is DENIED.